**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

LEO VICTOR SAVAGE,

      **Plaintiff,**

      **v.**
                                  **Case No. 2:19-cv-3806**
                                  **Judge James L. Graham**
                                  **Magistrate Judge Chelsey M. Vascura**

CHASE BANK, *et al.*,

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Leo Victor Savage, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*.  (ECF No. 1.)  The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>      \*      \*      \*
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on

its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on

a host of considerations, including common sense and the strength of competing explanations for

the defendant's conduct."  *Flagstar Bank* , 727 F.3d at 504 (citations omitted).  Further, the

Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by

lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010)

(quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has

limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen.*

*Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)).

## II.

According to Plaintiff's Complaint, Defendants, Chase Bank; James Dimon, the CEO of

Chase Bank; and Hilton Crystal City, removed $212.92 from his checking account without his

approval.  Plaintiff alleges that "Defendant was notified that Plaintiff had cancelled his

reservations with Hilton prior to July 1, 2018."  (Pl.'s Compl. 4, ECF No. 1-2 at PAGEID # 13.)

Thus, although Plaintiff's Complaint is difficult to decipher, it appears that Plaintiff's claims

arise from his contention that after reserving and subsequently canceling a room at a Hilton

hotel, his Chase Bank was nevertheless charged $212.92 on July 1, 2018.

Plaintiff alleges generally that "Defendants were acting under the color of law conducting business in Ohio with plaintiff" and maintains their actions violated his due process rights under the constitution and the Electronic Funds Transfer Act, as well as constitute a breach of contract, misrepresentation, violation of duties owed, theft, conversion, and fraud. (*Id*. at PAGEID ## 11-12.) Plaintiff seeks $80,000 in damages, citing "severe emotional distress" and his "congestive heart failure with a history of life-threatening cardiac arrhythmias." (*Id*. at PAGEID # 10, 13.)

**III.**

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ( "[I]t is to be presumed that a cause lies outside [the

4

Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party

asserting jurisdiction."). Although this pleading standard does not require "'detailed factual

allegations,' a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555, 557 (2007)). In the instant case, it appears that Plaintiff seeks to

have this Court exercise federal question jurisdiction in light of his reference to the Electronic

Funds Transfer Act and his assertion that Defendants' actions violated his constitutional rights.

Plaintiff has failed to sufficiently allege a violation of The Electronic Funds Transfer Act,

15 U.S.C. § 1693 *et seq.* ("EFTA"). "EFTA creates a 'framework [of] rights, liabilities, and

responsibilities of participants in electronic fund transfer systems.'" *Sanford v. MemberWorks,*

*Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) (quoting 15 U.S.C. § 1693(b)). As one court explained:

> "The EFTA contains an error resolution process which obligates consumers to
> report transfer errors to financial institutions within 60 days after having been
> transmitted the written documentation containing the error." [*Camacho v.*
> *JPMorgan Chase Bank*, No. 5:14-cv-4048, 2015 WL 5262022, at *2 (N.D. Cal.
> Sept. 9, 2015)] (citing 15 U.S.C. § 1693f(a)). "For the purposes of this provision,
> an 'error' includes either an unauthorized, incorrect or omitted transfer of funds."
> *Id.* (citing 15 U.S.C. § 1693f(f)). "Actions against financial institutions for failure
> to comply with the EFTA must be brought 'within one year from the date of the
> occurrence of the violation.'" *Id.* at *5 (citing 15 U.S.C. § 1693m(g)).

*Cifaldo v. BNY Mellon Inv. Serv. Trust Co.*, No. 2:17-cv-842, 2017 WL 6513342, at *1-2 (D.

Nev. Dec. 19, 2017). Here, Plaintiff's Complaint contains insufficient content upon which the

Court could rely to conclude that Defendants violated EFTA. *See, e.g.*, *Veasley v. Bryant*, No.

14-2558, 2014 WL 4057146, at *3-5 (W.D. Tenn. Aug. 15, 2014) (dismissing EFTA claim

where the plaintiff failed to offer more than "vague, attenuated and unsubstantial allegations").

Moreover, nothing in the Complaint demonstrates that Plaintiff complied with EFTA's error

resolution process. Finally, it appears that any EFTA claim Plaintiff might assert would be

untimely given that he filed this action more than one year after his account was debited on July 1, 2018.

Plaintiff has likewise failed to sufficiently plead a claim under 42 U.S.C. § 1983. In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). Plaintiff's § 1983 claims against Defendants fail because beyond his conclusory assertions, Plaintiff has failed to plausibly plead any allegations upon which this Court could rely to conclude that any Defendant acted under the color of state law.

This leaves diversity jurisdiction under § 1332(a) as the only potential basis for this Court's jurisdiction. Plaintiff's allegations, however, are insufficient to support diversity jurisdiction because (1) it is not clear from the allegations in his Complaint that he is a citizen of a different state than each defendant; and (2) he has not plausibly alleged that the amount in controversy exceeds $75,000.

It is therefore **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject matter jurisdiction **WITHOUT PREJUDICE** to filing the state-law claims in state court.

**IV.**

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) **WITHOUT PREJUDICE** to filing the state-law claims in state court.

6

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE