IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Leo Victor Savage,

    Plaintiff,

    v.                                Case No. 2:19-cv-3806

Chase Bank, et al.,

    Defendants.

OPINION AND ORDER

This is an action filed by plaintiff, Leo Victor Savage, proceeding without the assistance of counsel. In his complaint, plaintiff names Chase Bank, James Dimon, CEO of Chase Bank, and Hilton Crystal City as defendants. Plaintiff alleges that $212.92 was removed from his checking account without his approval even though the "Defendant [hotel] was notified that Plaintiff had cancelled his reservations with Hilton prior to July 1, 2018." Complaint, p. 4. Plaintiff alleges generally that the defendants were acting under color of law in conducting business in Ohio with plaintiff, and that their actions violated his due process rights under the Constitution and the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693, et. seq. Plaintiff also asserts state-law claims of breach of contract, misrepresentation, violation of duties owed, theft, conversion, and fraud.

On September 16, 2019, the magistrate judge granted plaintiff's motion for leave to proceed in forma pauperis. The magistrate judge also conducted an initial screen of the complaint pursuant to 28 U.S.C. §1915(e)(2) to identify cognizable claims as well as those portions of the complaint which failed to state a claim for relief. The magistrate judge issued a report and recommendation (Doc. 3)

recommending that plaintiff's due process and EFTA claims be dismissed for failure to state a claim for relief pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and that plaintiff's state-law claims be dismissed without prejudice to refiling in state court. On September 25, 2019, plaintiff filed objections to the report and recommendation. See (Doc. 4). On October 15, 2019, plaintiff filed a motion for leave to file an amended complaint and a motion for recusal.

I. Motion for Recusal

In his motion for recusal, plaintiff notes the observation of the magistrate judge in the report and recommendation that plaintiff's claim under the EFTA is governed by a one-year limitations provision, and that plaintiff's EFTA was "untimely given that he filed this action more than one year after his account was debited on July 1, 2018." Doc. 3, pp. 5-6. Plaintiff appears to argue that if this court adopts the report and recommendation, he will be denied the opportunity to conduct discovery concerning why the magistrate judge noted the July 2018 date, and now states that his action was filed in July of 2019.[1] He contends that the court must recuse to avoid the appearance of a conflict of interest.

A district judge is required to recuse himself "'only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Story, 716 F.2d 1088, 1091 (6th Cir. 1983)(quoting

---

[1]The date noted by the magistrate judge was derived from plaintiff's complaint, which alleged that "Plaintiff had cancelled his reservations with Hilton prior to July 1, 2018." Complaint, p. 4. The July 1, 2018, date was the only date specified in the complaint. The record also reveals that plaintiff's action was filed in this court on September 3, 2019.

Trotter v. International Longshoremen's & Warehousemen's Union, 704 F.2d 1141, 1144 (9th Cir. 1983)). In order to justify recusal under 28 U.S.C. §455, the judge's prejudice or bias must be personal or extrajudicial. United States v. Jamieson, 427 F.3d 394, 405 (6th Cir. 2005). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994); see also Woodruff v. Tomlin, 593 F.3d 33, 44 (6th Cir. 1979)(recusal cannot be based on decisions or rulings of the judge).

Plaintiff's motion essentially seeks recusal based on the fact that this court will have to decide whether to accept or reject the recommendations of the magistrate judge, and might decide to adopt the report and recommendation. Such judicial action does not establish an appearance of a conflict of interest on the part of this court. If plaintiff were correct in arguing before the fact that the mere possibility of judicial action is sufficient to create the appearance of a conflict of interest, then no judge would be able to decide whether to adopt the report and recommendation. The motion for recusal (Doc. 5) is denied.

II. Report and Recommendation

This matter is before the court for consideration of plaintiff's objections (Doc. 4) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires <u>sua sponte</u> dismissal of an action upon the court's determination that the action fails to state a claim upon which relief may be granted. <u>Grinter v. Knight</u>, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. <u>See</u>, <u>e.g.</u>, <u>Hill v. Lappin</u>, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Bishop v. Lucent Techs., Inc.</u>, 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." <u>Mezibov v. Allen</u>, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. <u>Id.</u> While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 570 (2007).

The magistrate judge concluded in the report and recommendation

that plaintiff's complaint failed to assert a claim for relief over which this court has federal jurisdiction. The magistrate judge first concluded that plaintiff's conclusory mention of the EFTA failed to allege facts sufficient to state a claim under the EFTA, and that plaintiff's claim appeared to be barred by the one-year statute of limitations. This court agrees. The only fact of relevance alleged was the vague statement that "Defendant was notified that Plaintiff had cancelled his reservations with Hilton prior to July 1, 2018." Complaint, p. 4. The complaint fails to allege facts showing how any of the defendants violated the EFTA. Because of the above statement in the complaint, the magistrate judge reasonably concluded that the September 3, 2019, complaint was untimely.

Plaintiff has attached documents to his objections. These documents include a confirmation from Hilton Hotels concerning a reservation in plaintiff's name on July 3, 2019; a letter dated July 6, 2019, from Chase Bank to plaintiff, stating that the bank had placed a temporary credit of $212.92 on his account while they investigated the transaction about which he contacted the bank; a letter dated July 20, 2019, from plaintiff to Chase Bank requesting additional information concerning the transaction; and a letter from Chase Bank dated September 113, 2019, reporting that the bank agreed that the transaction reported by plaintiff was incorrect and that the temporary credit placed on plaintiff's account, which included any applicable fees and interest, was now permanent.

A plaintiff cannot offer, for the first time in an objection, evidence which was never presented to or considered by the magistrate judge. <u>Murr v. United States</u>, 200 F.3d 895, 902 n. 1

(6th Cir. 2000).  Even if the court were to consider these additional documents, it is unclear how they relate to the conclusory allegations in the complaint, nor do they remedy the complaint's factual deficiencies in alleging a claim under the EFTA against the defendants.

The court also agrees with the magistrate judge's conclusion that the complaint fails to state a due process claim under 42 U.S.C. 1983.  Although plaintiff alleges in conclusory fashion that the defendants were acting under color of law, plaintiff has included no facts in the complaint which would indicate that these nongovernmental defendants were acting under color of state law, an essential element in a §1983 claim.  See Hunt v. Sycamore Community School Dist. Bd. of Educ., 542 F.3d 529, 534 (6th Cir. 2008).  The magistrate judge also properly found that the complaint failed to allege facts sufficient to support diversity jurisdiction over plaintiff's state law claims.

Plaintiff notes that no service has been made upon the defendants, and that the defendants have produced no evidence to indicate that his complaint fails to state a claim for relief.  However, after conducting the initial screen required under §1915(e)(2), the magistrate judge recommended that this action be dismissed.  The defendants were not required to be served or to file an answer to the complaint unless and until the court reviewed the report and recommendation and determined that all or part of the action would be permitted to proceed.  Defendants were under no obligation to provide any evidence at this stage of the case.  Rather, it is plaintiff's obligation at the outset to file a complaint which satisfies the basis federal pleading requirements

6

set forth in Fed. R. Civ. P. 8(a) and survives review under Rule 12(b)(6). See Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010)(applying standards under Rule 12(b)(6) to review under §1915(e)(2)(B)(ii)).

For the foregoing reasons, the court overrules plaintiff's objections (Doc. 4), and adopts the magistrate judge's report and recommendation (Doc. 3). Plaintiff's due process and EFTA claims are dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. Plaintiff's state law claims are dismissed without prejudice to filing those state law claims in state court. The clerk shall enter judgement dismissing this case.

III. Motion for Leave to File Amended Complaint

Plaintiff has filed a motion for leave to file an amended complaint. See Doc. 6. The decision whether to grant a motion under Fed. R. Civ. P. 15(a)(2) rests with the discretion of the court. Leisure Caviar, LLC v. United States Fish and Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010). A motion to amend may be denied if the amendment would be futile. Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010).

In his proposed amended complaint, plaintiff makes conclusory allegations identifying his action one under the Due Process Clause of the United States Constitution, §1983, and the EFTA, and characterizes the magistrate judge's statement that his EFTA claim was untimely as a "bold face lie." Doc. 6, p. 2. The amended complaint alleges no additional facts sufficient to state a claim under federal law.

Plaintiff also seeks leave to amend his complaint to add the

7

clerk of this court as a party defendant based on the fact that a summons and copy of the complaint have not yet been served on the defendants. Fed. R. Civ. P. 4(c)(3) provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order of the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915[.]

Rule 4(c)(3). The magistrate judge granted plaintiff's motion for leave to proceed in forma pauperis. However, no court order has been entered in this case directing service of plaintiff's summonses and complaint by the United States marshal. It would be premature for this court to enter such an order prior to a determination of whether any part of plaintiff's complaint survived the initial screen authorized under §1915. In the absence of a court order directing service by the marshal, the clerk of this court was under no duty to submit the summonses and complaint tendered by plaintiff to the marshal. The amended complaint fails to state a claim against the clerk.

Because the amended complaint tendered by plaintiff fails to state a claim for relief and the resulting amendment would be futile, the motion for leave to file the amended complaint (Doc. 6) is denied.

Date: October 21, 2019         s/James L. Graham
                             James L. Graham
                             United States District Judge